## Wright & Co., et al. v. Butler, et al.

### Bill to Declare a Deed a Mortgage and to Redeem.

(Decided April 23, 1914. 65 South. 136.)

*Mortgages; Deed as.*—Where it was the intention of all the parties to a deed at the time the deed was executed, and for several years therafter, that it should operate as a mortgage, and the grantors always spoke of the land as their land, and treated it as such, giving it in for taxes and paying the taxes thereon for sixteen years, they were entitled to have it declared a mortgage although they executed and paid the rent notes to the grantees, and waited several years after knowledge that the instrument was in form a deed before filing a bill to have it declared a mortgage; it appearing that they thought the rent was to be paid as interest, and that the grantors encouraged the delay in filing the bill by promises to let the grantor pay the debt and have the land back.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. PEARSON.

Bill by J. C. Butler and wife against the partnership and the individuals composing it of W. E. Wright & Company, to declare a deed, absolute in form, a mortgage, and to redeem. Decree for complainants and respondents appeal. Affirmed.

W. A. GUNTER and C. E. O. TIMMERMAN, for appellant. Fraud is never presumed, but when relied on

must be clearly stated and clearly proven.—*Johnson v. Rogers,* 112 Ala. 576; *McDonald v. Pearson,* 114 Ala. 630; *Howle v. Land Co.,* 95 Ala. 389. Where an election is presented to repudiate or accept a transaction on account of fraud, the parties must act promptly.—*Davis v. Evans,* 62 Ala. 401; *Garrett v. Lynch,* 42 Ala. 211. There can be no mortgage without a debt.—*Nelson v. Wadsworth,* 55 South. 120. In order to declare a deed a mortgage the proof must be clear and convincing that a mortgage was intended and clearly understood by both parties.—*Morton v. Allen,* 60 South. 866; *Reeves v. Abercrombie,* 108 Ala. 535, and cases there cited.

EUGENE BALLARD, for appellee. As to laches, the evidence disposes of that, as the proof was sufficient, and the case at bar is very similar to that of *Abercrombie v. Carpenter,* 150 Ala. 294. The instrument was intended by both parties as a mortgage and the court will so consider and treat it.—*Rose v. Gandy,* 137 Ala. 329. There was no occasion to dissolve the injunction.—*Royal v. Royal,* 167 Ala. 510.

MAYFIELD, J.—This is a bill, filed by the appellees, praying that an instrument, in form a deed, be declared to be in fact a mortgage, and that they be decreed the right to redeem. The cause was submitted for final decree on bill, answer, and proof, and the chancellor granted the relief prayed. From the chancellor's decree the respondents prosecute this appeal.

The evidence, as in most cases of this kind, is in conflict, and for that reason it has been carefully examined, and therefrom we are persuaded that the chancellor reached the correct conclusion. We feel no hesitancy in saying that the grantors ever acted under the firm conviction that the instrument, whatever its form, was in fact a mere security for a debt. This is conclusively

shown by the fact that they always spoke of it and treated it as their land and home, and assessed it and paid the taxes thereon for 16 years after the instrument was executed. It is true they executed rent notes and paid rent to the grantees; but this is explained by the fact that they thought this to be paid as interest on the principal. It is also true that complainants waited several years to file the bill, after knowing that the instrument was in form a deed; but it also appears that the grantees encouraged the delay by promising to let the grantors pay off the debt and have the land back. While there is some dispute in the evidence as to this latter fact, yet the whole evidence satisfies us that the grantors were led into the honest belief of the promise by the conduct, words, and actions of the grantees; and in this way an excuse is shown for the delay of more than two years in the filing of this bill.

We think it clearly appears that it was the intention and understanding of all the parties to the deed that it should be treated as a mortgage—that is, that the grantors should have the right to pay back to the grantees the principal and interest, and receive back the land. We feel satisfied that it was the intention of all the parties to the instrument, at the time it was executed and for several years thereafter, that it should operate as a mortgage and not as a deed. While there is some evidence going to show that the grantees did not treat the instrument as a mortgage, but treated it as a deed, yet, when the whole evidence is considered, it is clear that it was primarily the intention of all the parties that the instrument should operate as a mortgage.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.